HARRY D. PALMER

*v.*

THE STATE OF ILLINOIS.

*Opinion filed April 10, 1905.*

1. STATUTE OF LIMITATIONS—*act of 1847 not repealed.* Neither the act creating the Commission nor the later act creating the Court of Claims specificially repeals the limitation act of 1847; nor is it repealed by implication.

2. SAME—*intention and purpose of the act of 1847.* The act of 1847 was passed solely with reference to claims against the State, and with the special purpose of fixing a two years limitation within which then existing claims should be proven and filed; and a like limit as to presenting unliquidated claims against the State that might thereafter arise. The limitation was the essential intention and purpose of the act. The different officers named before which the various kinds of claims should be proven up and filed, were incident to the main purpose of the act.

3. STATUTES—*rule of construction as to repeal by implication.* It is a rule of construction that a law passed with reference to a specific thing is not affected by the passage of a general law unless it is definitely shown by the language of the general law that it was intended to repeal or modify the special act.

No testimony having been taken in this case either for the claimant or in behalf of the State, there is no dispute as to the circumstances out of which this claim arose. As stated in the petition which is verified by the affidavit of the claimant and is in no way contradicted or disputed, said claimant was on the 29th day of September, 1901, an enlisted man in "Troop A" First Cavalry, of the "Illinois National Guard;" that said First Cavalry was a regular integral part of the military force of

the State of Illinois, called into action (service?) by the State for the preservation of the public peace; that said organization was prepared for said service; that on the said 29th day of September he was called into action (?) at Chicago, Illinois, by his superior officers and while at drill in the performance of his duty he was kicked in the right side by his horse.

The claimant was then taken to a hospital in Chicago where it was found necessary to perform several serious operations and "was detained in hospital for *many months* and for *many months* after leaving hospital was slowly regaining an imperfect health:" his bill for surgical service was the sum of $155.00; the hospital bill was $217.25; loss of wages during the time spent in hospital and in convalescing $600.00, making a total of $972.25 as the amount.

In behalf of the State, the Attorney General in the pleas filed denies liability of the State: that the facts, as disclosed are not sufficient to entitle claimant to recover; and further, the defense of the statute of limitations is interposed.

As to the first defense: This claim was founded on Section 4, Article IX of the "Military Code" in force July 1, 1901, and in the absence of other defense the court would consider the claim well founded. The case of Balsley v. The State, cited in the brief filed for the defense, is not applicable. In that case, though the opinion of this court was filed March 11, 1903, the injury, for which claimant sought recovery, was inflicted July 29, 1900, before the passage of the act above referred to. In the Balsley case this court held that the above enactment was not retroactive and that as the doctrine of *respondent superior* does not apply against the State, therefore Balsley had no right of recovery.

The circumstances are different in this case, the injury, for which an award is sought, having occurred September 29, 1901, several months after said Section 4, Article IX went into effect.

We do not enter into a discussion as to the proper amount of the award, if any award were to be made; the petition fails to show what wages or salary or occupation, if any, the claimant had at the time of the action; nor is the time he was incapacitated definitely stated except that he was detained in the hospital "many months" and for "many months" after leaving the hospital he was slowly regaining an impaired health.

This vagueness is not material in this particular case, inasmuch as the court feels constrained to hold that the claim is barred by the statute of limitations.

It is contended by claimant's attorney that the Act of March 1, 1847 (statute of limitations) was, in effect, repealed by the Act creating the Commission of Claims; (in force July 1, 1877) inasmuch as said Act does not specifically "impose any such limitation on its powers."

Neither the Act creating the Commission nor the latter Act creating the Court of Claims, specifically repeals the limitation act of 1847: Nor are we satisfied that it is repealed by implication.

The Act of 1847 was passed solely with reference to claims against the State, and with the special purpose of fixing a two years limitation within which then existing claims should be proven and filed; and a like limit as to presenting unliquidated claims against the State that might thereafter arise. The limitation was the essential intention and purpose of the Act: The different officers named before which the various kinds of claims should be proven up and filed—were incident to the main purpose of the Act.

As argued by the Attorney General in the case of Partello v. The State (ante p. 309), "It is a rule of construction that a law passed with reference to a specific thing is not affected by the passage of a general law unless it is definitely shown by the language of the general law that it was intended to repeal or modify the Special Act."

In the case of Fairbanks v. The State (ante p. 1), it was held, after thorough and able argument

on this point, that the limitation act had not been repealed. So far as we have been able to discover, this ruling has been uniformly followed by the court. If it is an unjust law it should be repealed by the Legislature. This court is not disposed to ignore laws which are in force nor, in effect, to attempt the repeal of laws, by rendering decisions in conflict with them.

For this reason the claim is rejected.